UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4: 14 CV 1921 CDP |
| | ) | |
| ASBURY AUTOMOTIVE ST. LOUIS, L.L.C., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF STAY

In this removed case, plaintiff brings state law claims for fraud, negligence, and declaratory and statutory relief arising out of her purchase of a car from defendant. In connection with her purchase, plaintiff signed an arbitration agreement with defendant. Defendant seeks to enforce this agreement and asks me to either dismiss or stay this case pending arbitration. The agreement calls for arbitration "in accordance with the rules of the American Arbitration Association" and further provides that "nothing in this Agreement shall be interpreted as limiting or precluding the arbitrator(s) from awarding monetary damages or any other relief provided for by law." Although plaintiff disputes the enforceability of the arbitration agreement, she agrees to arbitration of the dispute under the agreement "provided Defendant agrees to waive any provisions of the Agreement to arbitrate that are inconsistent with the Consumer Due Process Protocol of

[AAA]." Although plaintiff claims that "provisions" of the arbitration agreement conflict with this Protocol, the only one she actually mentions is that "each party shall be responsible for its own attorney, expert, and other fees, and shall not be entitled to an award of fees." Plaintiff claims this provision is inconsistent with Principle 14 of the Protocol, which states that "the arbitrator should be empowered to grant whatever relief would be available in court under law or in equity." However, given that arbitration is to be conducted "in accordance with the rules" of the AAA and the agreement expressly provides that nothing in it prevents "the arbitrator(s) from awarding monetary damages or any other relief provided for by law," the agreement does not appear to conflict with Principle 14 (or any of the other Principles) of the AAA Protocol. Defendant filed no objection to plaintiff's request to arbitrate in accordance with the Consumer Due Process Protocol of the AAA, nor did it object to plaintiff's request that this case be stayed, rather than dismissed, during the pendency of arbitration. Because both parties agree to arbitration of their dispute in accordance with the rules of the AAA and neither party opposes a stay of this case during the pendency of arbitration, I will grant defendant's motions as follows:

**IT IS HEREBY ORDERED** that defendant's motion to compel arbitration [#10] is granted, and the parties are compelled to arbitrate their underlying dispute in accordance with the rules of the AAA as set out in the arbitration agreement.

**IT IS FURTHER ORDERED** that the motion to stay [#11-2] is granted, this case is stayed pending completion of arbitration, and the alternative motion to dismiss [#11-1] is denied.

**IT IS FURTHER ORDERED** that the defendant shall file status reports regarding the progress of the arbitration every 90 days and a notice to the Court within ten days of the conclusion of arbitration.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2015.