AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Re: 01-15-003-8088
    Leslie Griffin ("Claimant")
    and
    Asbury Automotive St. Louis, LLC ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties dated August 27, 2014 and September 26, 2014, and having been duly sworn and having been duly sworn, and having duly heard the proofs and allegations of Claimant, represented by Erika Wentzel, and Respondent, represented by Corey Kraushaar, do hereby FIND, as follows:

Respondent has violated the Missouri Merchandising Practices Act (hereinafter "the Act"). It is uncontested that Claimant attempted to purchase a 2015 Mercedez Benz C300 (VIN#55SWF4B3FU008908) (hereinafter "the Vehicle") for personal, family or household purposes. Although Respondent alleges that Claimant did not suffer an ascertainable loss of money or property as a result of this transaction, documentary evidence and credible testimony from Claimant shows that Claimant suffered a significant loss of the enjoyment of the Vehicle, which qualifies as either a loss of money or of property, as well as various other consequential losses and that all of those losses were the result of certain business methods or practices employed by Respondent in violation of the terms of the Act. Although Claimant proved a number of business methods and practices that fell within the terms of the Act, it is unnecessary to outline each of these violations here, since the parties have agreed to a standard rather than a fully reasoned award. Instead, it is sufficient to note that Respondent admitted that it failed to provide Claimant with a valid certificate of ownership for the Vehicle at the time of purchase[1] as required under Missouri law. Indeed, Respondent not only admitted to having violated Missouri law with respect to Claimant, Respondent also admitted to violating this particular law on a regular basis and indicated that it intends to continue violating this law in the future. Such acts fall squarely within the terms of the Act[2] and entitle Claimant to damages, including actual damages as well as punitive damages and attorneys' fees, as provided for under the Act.[3]

The failure to provide the certificate of ownership at the time of sale also constituted fraud under section 301.210 of the Missouri Revised Statutes. As a result, the purported contract between the parties was rendered void and Claimant became entitled to consequential damages and attorneys' fees.

---

[1] It is unnecessary for the purpose of this Award to determine whether the time of purchase was August 27, 2014, or September 26, 2014, which are the dates of the two sets of contracts signed by Claimant. According to the Act, unlawful methods and practices can take place before, during or after the sale, advertisement or solicitation of goods. RSMo § 407.020.1.

[2] As a matter of statutory analysis, the violation of Missouri state legislation would appear to be sufficient to meet the test set forth in the Missouri Merchandising Practices Act. *See eg* RSMo § 407.020; 15 CSR 60-8.090. However, even if the failure to provide a valid certificate of ownership at the time of sale does not violate the Act, *see* Bolt v. Giordano, 310 S.W. 3d 237, 247-48 (Mo. Ct. App. 2010), Respondent's other actions meet the necessary test, as described below with respect to the actions constituting common law fraud. See also 5 CSR 60-9.070.

[3] Although the arbitration agreement between the parties suggests that "[e]ach party shall be responsible for its own attorney, expert and other fees," the agreement also indicates (in boldface type) that "[n]othing in this Agreement shall be interpreted as limiting or precluding the arbitrator(s) from awarding monetary damages or any other relief provided for by law." As a result, attorneys' fees are compensable since they are available as a matter of statute.

Page 1 of 3

EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Re: 01-15-003-8088
Leslie Griffin ("Claimant")
and
Asbury Automotive St. Louis, LLC ("Respondent")

## AWARD OF ARBITRATOR

Respondent has also acted fraudulently as a matter of Missouri common law. Although Claimant has proved a number of acts that would meet the necessary legal standard, it is sufficient to note for purposes of this Award that the statement by Respondent's employee to Claimant that that sale of the Vehicle was final and that the Vehicle could not be returned was a false material representation; that Respondent knew such representation was false; Respondent intended Claimant to rely on the misrepresentation in a reasonably contemplated manner; that Claimant was ignorant of the falsity of the misrepresentation; that the Claimant relied upon the truth of the representation and had a right to do so; and that Claimant's

consequent and proximately related damages were caused by the misrepresentation. *See* Midwest Bankcentre v. Old Republic Title Co., 247 S.W.3d 116, 129 (Mo. Ct. App. 2008).

Respondent's behavior with respect to Claimant and in particular its espoused intention to continue to violate Missouri law with respect to the issuance of the certificate of ownership is sufficiently outrageous and shocking to the conscience to warrant punitive damages. However, in determining the amount of the punitive damages award, the Arbitrator believes it appropriate to take into consideration the fact that Respondent has recently employed a new general manager who appears both willing and able to reverse most if not all of the problematic business methods and practices identified by Claimant during these proceedings. The Arbitrator therefore concludes that a punitive damages award equal to the amount of Claimant's actual and consequential damages and attorneys' fees will be sufficient to put Respondent on notice of the seriousness of the behavior at issue here.

As a result of the foregoing, the Arbitrator hereby issues and AWARD

(1) Declaring that:
    a. the purported sale from Respondent to Claimant of the Vehicle is void;
    b. Claimant has no obligation to make payments to any person as a result of that purported sale;
    c. Respondent does not have the right to collect payments from Claimant under any purported contract of sale or to engage in any form of debt collection activity pertaining to any purported sale of the Vehicle;
    d. Respondent nor any assignee of Respondent has any right to report Claimant to any credit bureaus or any other person or entity as currently or formerly being in default or owing any money under any financial agreement associated with the purported sale of the Vehicle.

(2) Requiring Respondent to pay Claimant damages in the amount of $129,534.84, which includes:
    a. $49,930.00, reflecting the purchase price of the Vehicle;
    b. $1,400.00, reflecting the loss associated with Claimant's trade-in sales tax credit;
    c. $11,339, reflecting Claimant's attorneys' fees;
    d. $796.40, reflecting the increase in finance charges associated with Claimant's need to obtain alternate financing for the Vehicle;
    e. $1,302.02, reflecting costs associated with renting an alternative vehicle; and
    f. $64,767.42 punitive damages, reflecting an amount equal to actual and consequential damages and attorneys' fees.

In the Matter of the Arbitration between

Re: 01-15-003-8088
    Leslie Griffin ("Claimant")
    and
    Asbury Automotive St. Louis, LLC ("Respondent")

## AWARD OF ARBITRATOR

(3) Holding that Respondent is not responsible for Claimant's alleged damages relating to:

    a. automobile insurance for the Vehicle, since Claimant was using the Vehicle during the pendency of this dispute and was required to have insurance during that time period;

    b. missed work by Claimant or her husband, since such absences were either unnecessary, could have been mitigated (as through use of taxi services) or reflect the normal burdens associated with bringing suit;

    c. the cost to fly Claimant's husband back to St. Louis to deal with Vehicle maintenance issues or testifying at the arbitral hearing, since such costs were either unnecessary, non-compensable or could have been mitigated; and

    d. the cost of court reporters' fees associated with depositions or the arbitral hearing, since depositions and court reporters are not a necessary or standard part of consumer arbitration; and

    e. Claimant's inconvenience, embarrassment and emotional distress, since there is no legal basis for such damages.

The administrative fees of the American Arbitration Association totaling $2,200.00 and the compensation of the arbitrator totaling $1,682.13 shall be borne by Respondent. Therefore, Respondent shall reimburse Claimant the sum of $200.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

The above sums are to be paid on or before ten (10) days from the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

11/10/15
Date

Arbitrator S.I. Strong