UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4: 14 CV 1921 CDP |
| | ) | |
| ASBURY AUTOMOTIVE ST. | ) | |
| LOUIS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER MODIFYING AND CONFIRMING ARBITRATION AWARD

Defendant removed this case – alleging fraud and violations of Missouri's

consumer protection statutes over the sale of a car – to this Court on diversity

grounds, then demanded arbitration of plaintiff's claims under the Federal

Arbitration Act, 9 U.S.C. §§ 9-11. I granted defendant's request for arbitration and

stayed the case pending a decision of the arbitrator. The parties have now

arbitrated plaintiff's claims, and the arbitrator has rendered a decision in favor of

the plaintiff. Defendant now complains about the outcome of the arbitration it

once so keenly desired, arguing that the award should be vacated or, at a minimum,

modified as the arbitrator exceeded her powers and violated public policy in

reaching her decision. For her part, plaintiff thinks that the award should be

confirmed, although she agrees that she is required to return the car to defendant

and satisfy any outstanding loans relating to this car. As the parties agree to a

modification of the award on these two grounds, I will modify the arbitrator's

award to explicitly require plaintiff to return the car to defendant and satisfy any

outstanding loans relating to it in order to "promote justice between the parties."

*See* 9 U.S.C. § 11.

Other than these two issues, however, I can find no other basis to modify or

vacate this award. My power to vacate an arbitration award under the FAA is

extremely limited, and there is no basis in law or fact requiring such a remedy

here.[1]  That defendant may now regret its insistence to arbitrate does not entitle it

to set aside its bargained-for result and demand a different resolution of plaintiff's

claims.  Here, the arbitrator clearly identified and applied Missouri law when

reaching her decision, and the remedy does not – contrary to defendant's assertion

– manifest a disregard of that law or otherwise amount to a "completely irrational"

decision.  *See SBC Advanced Solutions*, 794 F.3d at 1027 (arbitration award

irrational only if it fails to draw its essence from the agreement and only manifests

disregard for the law where arbitrator identifies applicable law then ignores it).

The arbitrator clearly took plaintiff's use of the vehicle into account when

---

[1] When reviewing an arbitration award, I must "accord an extraordinary level of deference to the underlying award itself." *SBC Advanced Solutions, Inc. v. Communications Workers of America, District 6*, 794 F.3d 1020, 1027 (8th Cir. 2015) (internal quotation marks and citations omitted). I cannot review the merits and may not set aside an award "simply because [I] might have interpreted the agreement differently or because the arbitrator[] erred in interpreting the law or in determining the facts." *Id.* (internal quotation marks and citation omitted).  Instead, I must confirm the award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of [her] authority . . . ." *Id.* (internal quotation marks and citation omitted).  In short, I may overturn an award only if "it is completely irrational or evidences a manifest disregard for the law." *Id.* (internal quotation marks and citation omitted).

fashioning a remedy and awarding damages, and punitive damages were more than justified given defendant's shocking admission that it was company policy to violate Missouri law.[2] As I held in my April 15, 2015 Memorandum and Order referring this case to arbitration, the arbitrator was indeed empowered to award the prevailing party (here, the plaintiff) attorney's fees under the agreed-upon rules of arbitration and Missouri's consumer protection laws. The time for defendant to object to the arbitrator's power to award fees was at the time plaintiff raised this issue in opposition to arbitration, not now after the arbitrator decided it adversely to defendant. Such an inconsistent position will not be rewarded by this Court.

As for plaintiff's claim that she is entitled to additional amounts not included in the award itself (including attorney's fees incurred in responding to this motion), I find no basis in the award to support such a position, nor does the arbitration agreement provide for an award of fees by this Court. Moreover, both parties have behaved unreasonably in refusing to settle this dispute and, in the process, wasted judicial resources and undermined the very goals arbitration was designed to

---

[2] Defendant argues that the arbitrator improperly included the amount of the purchase price of the car as "actual damages" when calculating the amount of punitive damages. According to defendant, plaintiff's purchase price cannot constitute "actual" damages because the arbitrator held the sale void under Missouri law and therefore it is as if the sale "never happened." This argument ignores the fact that the arbitrator also found that defendant violated the Missouri Merchandising Practices Act and committed statutory and common-law fraud in connection with plaintiff's purchase of the car, which entitles plaintiff to actual, compensatory, and punitive damages. I find no basis to vacate the award simply because the arbitrator based punitive damages, in part, on the purchase price of the car.

promote.[3]  Such tactics will not result in a fee award by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate or modify arbitration award [19] is granted only to the following extent: the award is modified to require plaintiff to return the subject car to defendant and satisfy any outstanding loans relating to it within ten (10) days of defendant's payment of the award, and the award as modified is confirmed.  In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiff's counter-motion to confirm arbitration award [22] is granted only to the extent set out above; and in all other respects, including the request for additional damages and fees, the motion is denied.

**IT IS FURTHER ORDERED** that the motion for leave to file a reply brief [23] is granted.

A separate Judgment in accordance with this Memorandum and Order is issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2016.

---

[3] After the motion to vacate was filed, plaintiff rejected defendant's offer to pay the full amount of the arbitration award.